IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

STEVEN TODD ASHWORTH,

      Movant,

v.                          Case No. 2:06-cv-00865
                          Case No. 2:03-cr-00278-01

UNITED STATES OF AMERICA,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence, pursuant to 28 U.S.C. § 2255 (docket sheet document # 161), which was filed on October 11, 2006 by Movant's former court-appointed counsel, Donald L. Stennett. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge to make proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On November 11, 2004, Movant Steven Todd Ashworth (hereinafter "Defendant"), was convicted by a jury in the United States District Court for the Southern District of West Virginia of aiding and abetting the distribution of a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Defendant was represented in his federal criminal matter by court-appointed counsel, Donald L. Stennett. On January 31, 2005, Defendant was sentenced by the presiding District Judge to 16 months in prison,

followed by a term of supervised release of three years.  Defendant was also ordered to pay a $3,000 fine and a $100 special assessment.

On March 9, 2005, the United States appealed Defendant's sentence to the United States Court of Appeals for the Fourth Circuit, contending that the district court erred when it determined that it was barred, under United States v. Booker, 125 S. Ct. 738 (2005) and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), from considering acquitted conduct to calculate Defendant's guideline range.  The Fourth Circuit found that the district court had erred in that regard and remanded the case for resentencing.

On October 11, 2005, Defendant was resentenced to 121 months in prison, a three-year term of supervised release, a fine of $5,000 and a $100 special assessment.  No appeal concerning Defendant's amended sentence was filed in the United States Court of Appeals for the Fourth Circuit.

On October 11, 2006, Mr. Stennett filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (# 161) on Defendant's behalf.  In the motion, Defendant claims that Mr. Stennett was asked to file a direct appeal for Defendant, but failed to do so.  (Id. at 4).

On October 13, 2006, the United States was directed to file a response to Defendant's motion (# 165).  On October 20, 2006, the

2

United States filed a Response to Defendant's section 2255 motion, which indicated that Mr. Stennett has informed counsel for the United States that he, indeed, failed to file an appeal on defendant's behalf.   (# 166 at 2-3).   Based upon the representations of Mr. Stennett, counsel for the United States declared that "the interests of justice and judicial economy would best be served by granting the motion for collateral relief for the limited purpose of allowing defendant to raise his various challenges to his conviction and sentence on direct appeal" and that the United States would not oppose such limited relief. (Id. at 3).

## ANALYSIS

In United States v. Peak, the United States Court of Appeals for the Fourth Circuit held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." 992 F.2d 39, 42 (4th Cir. 1993).   The appropriate remedy in such a case involves vacating the original Judgment Order and re-entering it, to restore the movant's right to appeal.

The Supreme Court of the United States modified this rule somewhat in Roe v. Flores-Ortega, 528 U.S. 470 (2000).   In that case the Court held:

[C]ounsel has a constitutionally imposed duty to consult
with the defendant about an appeal when there is reason
to think either (1) that a rational defendant would want
to appeal (for example, because there are nonfrivolous
grounds for appeal), or (2) that this particular
defendant reasonably demonstrated to counsel that he was
interested in appealing. * * *

[W]hen counsel's constitutionally deficient performance
deprives a defendant of an appeal that he otherwise would
have taken, the defendant has made out a successful
ineffective assistance of counsel claim entitling him to
an appeal. * * *

We similarly conclude here that it is unfair to *require*
an indigent perhaps *pro se*, defendant to demonstrate that
his hypothetical appeal might have had merit before any
advocate has ever reviewed the record in his case in
search of potentially meritorious grounds for appeal.
Rather, we require the defendant to demonstrate that, but
for counsel's deficient conduct, he would have appealed.

528 U.S. at 480, 486. [Emphasis in original.]  The Fourth Circuit

followed the <u>Flores-Ortega</u> holding in <u>United States v. Witherspoon</u>,

231 F.3d 923 (4th Cir. 2000).  In <u>Miller v. United States</u>, 150 F.

Supp.2d 871, 880 (E.D.N.C. 2001), the court interpreted <u>Witherspoon</u>

to "strongly suggest[] that advice about appeal should be given

after sentencing."

Based upon the representations of counsel for the United

States, the undersigned proposes that the presiding District Judge

**FIND** that Defendant is entitled to relief under <u>United States v.</u>

<u>Peak</u>, 992 F.2d 39 (4th Cir 1993).  It is respectfully **RECOMMENDED**

that the presiding District Judge **GRANT** Defendant's § 2255 motion

concerning the denial of his direct appeal, vacate Defendant's

judgment and re-enter it to allow for a new appeal period.  The

undersigned will take steps to have counsel appointed for Defendant.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections), and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

6

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Steven Todd Ashworth, and to counsel of record.

November 13, 2006
        Date

Mary E. Stanley
United States Magistrate Judge